An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILSON OLSON PETERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63395

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On appeal from the denial of his December 22, 2012, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. A petitioner's claims must not be bare but rather supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15310

First, appellant argues that counsel was ineffective for failing to retain an independent defense expert to evaluate appellant's competency and to explain to the jury the impact of appellant's mental illnesses on his ability to appreciate the consequences of his actions. Appellant's bare claims have failed to demonstrate deficiency or prejudice. Appellant had been found competent to stand trial, and he did not allege any facts that should have led reasonable counsel to question that finding.[1] Appellant also failed to state what the impact of his mental illnesses were on his ability to appreciate the consequences of his actions or how testimony to that effect would have affected the outcome of trial. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to present mitigating evidence at the sentencing hearing. Appellant's bare claims have failed to demonstrate deficiency or prejudice. Appellant noted that counsel did not prepare a sentencing memorandum, obtain statements in support of appellant, or address anything in the presentencing investigation report (PSI), but he did not specify what the memorandum or statements would have included, what needed to be addressed in the PSI, or how any of it would have affected the outcome of the sentencing hearing. Similarly, appellant complains that counsel did not mention things such as appellant's support network, employment

---

[1]Appellant generally refers to a March 14, 2009, mental health assessment, but he did not include that assessment in his appendix or provide any details from the assessment other than that appellant was diagnosed with certain mental illnesses. Appellant further acknowledges that he was found competent to stand trial on December 15, 2009.

history, and roots in the community, but he again failed to provide any specific facts regarding those ties or how they could have affected the sentence. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to adequately communicate with him. Appellant's bare claims have failed to demonstrate deficiency or prejudice. Appellant complains that counsel did not respond to a letter in which appellant requested that some motions be filed and investigations be conducted and that counsel did not provide requested copies of preliminary hearing transcripts or the victim's medical records. Appellant did not state what motions he wanted filed, what investigation counsel should have undertaken, what the outcomes of either of those actions would have been, or how counsel's taking any of the aforementioned actions could have affected the outcome at trial. *See, e.g., Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (upholding the denial of an ineffective-assistance-of-counsel claim because appellant did not demonstrate what a more thorough investigation would have revealed). We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective for denying him his right to a speedy trial. Appellant has failed to demonstrate deficiency or prejudice. Counsel stated that he was unprepared to go forward with the originally scheduled trial, and appellant has failed to demonstrate that it was objectively unreasonable for counsel to move to continue the trial in order to be prepared. Further, appellant's bare claim that the continuance gave the State more time to investigate failed to specify what additional information the State

discovered during the continuance or how it affected the outcome at trial. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant argues that counsel was ineffective for failing to object to the district court's handling of the complaining witness or to move for a mistrial because of it. Appellant has failed to demonstrate deficiency or prejudice. The witness was refusing to answer defense counsel's questions and was instead attempting to engage in his own narrative. The district court excused the jury to admonish the witness at length regarding the basic trial framework and that he must constrain himself to answering the questions posed. Appellant failed to demonstrate that counsel was objectively unreasonable in not objecting to the district court's efforts to reign in the unruly witness. Further, counsel's decision not to move for a mistrial was clearly strategic as he highlighted in closing argument the witness's obstreperous behavior on the witness stand and used it to attack the witness's credibility. We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective because he "assisted" the State's illiterate complaining witness by suggesting that the witness's voluntary statement to police be read to him outside the presence of the jury when he was unable to recall what he had told the police. Appellant has failed to demonstrate deficiency or prejudice. Appellant does not state how this action substantially differs from allowing a literate witness to read his previous statement to himself in order to refresh his recollection and/or to impeach him. Further, even after the reading, counsel continued to impeach the witness's testimony

where it differed from what was in the voluntary statement. We therefore conclude that the district court did not err in denying this claim.

Finally, appellant argues that the cumulative error of counsel warrants the reversal of his conviction. Because appellant failed to demonstrate error, he necessarily failed to demonstrate cumulative error.

For the foregoing reasons, we find appellant's claims without merit, and we

ORDER the judgment of the district court AFFIRMED.


_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry


cc:    Hon. Michelle Leavitt, District Judge
       Matthew D. Carling
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk